# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| WILLIE BELL,<br>Petitioner, | Case No. 1:19-cv-37 |
| vs. | Black, J.<br>Litkovitz, M.J. |
| WARDEN, LONDON<br>CORRECTIONAL INSTITUTION,<br>Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Ross Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 2). This matter is before the Court on respondent's motion to dismiss (Doc. 9) and petitioner's response in opposition. (Doc. 10). For the reasons stated below, the undersigned recommends that the motion to dismiss be granted and the petition be dismissed on the ground that it is time-barred pursuant to 28 U.S.C. § 2241(d)(1).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

On February 5, 2007, the Hamilton County, Ohio, grand jury returned a six-count indictment charging petitioner with four counts of aggravated burglary, one count of receiving stolen property, and one count of failure to comply with an order or signal of police officer. (Doc. 7, Ex. 1). After initially entering a not guilty plea, petitioner withdrew his plea and entered a plea of guilty to three counts of aggravated robbery and one count of failure to comply with an order or signal of police. (Doc. 7, Ex. 2). In exchange for the guilty plea, the prosecution dismissed the remaining counts. (*See* Doc. 7, Ex. 3).

On May 16, 2007, petitioner was sentenced to a total aggregate prison sentence of

twenty-two years in the Ohio Department of Corrections. (Doc. 7, Ex. 4).[1]

## Motion to Withdraw Guilty Plea

On May 25, 2007, petitioner filed a pro se motion to withdraw his guilty plea. (Doc. 7, Ex. 7). Petitioner argued that his trial counsel failed to advise him of the terms of the plea agreement and that he should have been given a competency hearing due to his history of mental illness. On June 12, 2007, the trial court overruled petitioner's motion. (Doc. 7, Ex. 8).

## Delayed Direct Appeal

On June 20, 2007, petitioner filed a pro se notice of appeal to the Ohio Court of Appeals. (Doc. 7, Ex. 9). Petitioner's motion was *sua sponte* denied as untimely filed by entry issued June 29, 2007. (Doc. 7, Ex. 10).

## Second Delayed Direct Appeal

Petitioner, through different counsel than at trial, filed a second notice of appeal and motion for leave to file a delayed appeal on November 15, 2007. (Doc. 7, Ex. 11, 12). The Ohio appeals court granted petitioner leave to file a delayed direct appeal. (Doc. 7, Ex. 15).[2] Petitioner raised the following three assignments of error in his merit brief:

1. The trial court erred as a matter of law by improperly sentencing appellant under trial case number B0700957-A.

2. The trial court erred as a matter of law by failing to comply with Crim.R. 32.3 prior to imposing a prison sentence for a violation of a community control sanction violation.

---

[1] In Case No. B-606970, petitioner was also convicted of possession of cocaine and placed on community control for two years. After his convictions underlying the petition in this case, his community control was revoked and petitioner was sentenced to an additional prison term of one year and six months, to be served consecutively with the twenty-two-year sentence previously imposed. (*See* Doc. 7, Ex. 4–6)

[2] Petitioner, also through counsel, filed a motion for leave to file a delayed appeal from his conviction for possession of cocaine in Case No. B-606970, *see supra n.1*. (Doc. 7, Ex. 13, 14). After granting petitioner's motions for delayed appeal, the appeals court consolidated the appeals. (Doc. 7, Ex. 15–17).

2

3. The trial court erred as a matter of law by overruling appellant's motion to withdraw his guilty plea under trial case number B0700957-A.

(Doc. 7, Ex. 18). Petitioner withdrew his second assignment of error. (Doc. 7, Ex. 19). On September 24, 2008, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 7, Ex. 21).

Petitioner did not seek further review in the Ohio Supreme Court.

### Motion to Vacate Sentence

On January 22, 2014, several years later, petitioner filed a pro se motion to vacate sentence. (Doc. 7, Ex. 22). Petitioner filed identical motions on January 31, 2014 and March 24, 2014. (Doc. 7, Ex. 23, 24). On February 15, 2017, the trial court denied petitioner's motions. (Doc. 7, Ex. 25).

### Application to Reopen Appeal

Meanwhile, on October 15, 2014, petitioner filed a pro se application to reopen his appeal pursuant to Ohio App. R. 26(B). (Doc. 7, Ex. 26). Petitioner argued that his appellate counsel was ineffective for failing to raise an assignment of error alleging that the trial court judge was biased. On December 16, 2014, the Ohio Court of Appeals denied petitioner's application as untimely filed. (Doc. 7, Ex. 27).

Petitioner did not appeal this decision to the Ohio Supreme Court.

### Federal Habeas Corpus

On January 6, 2019, more than four years later, petitioner commenced the instant federal

3

habeas corpus action.[3] (*See* Doc. 1). Petitioner raises the following four grounds for relief in the petition:

> **GROUND ONE**: Sentencing Transcripts and what was stated in Court by Judge Robert P. Ruehlman on 5-16-2007.
>
> Supporting Facts: On Page (60) Number 23, 24, and 25 going right over to page (61) number 1, and 2. The Judge state in Court. "Too bad the bullet didn't go a little bit to the left or right to put you out of commission for good, because you're a dangerous person as far as I'm concerned." First time Ever in Prison for Agg. Robbery so how am I dangerous. And he stated he wish I was dead.
>
> **GROUND TWO**: Judgment Entry and Sentencing Transcripts Give off Two (2) Different Sentences.
>
> Supporting Facts: On May 16, 2007 I was sentenced to Counts ONE (1) and TWO (2) which are both Agg Robber[ies]. Those Counts are different from each other in my Judgment Entry and my Sentencing Transcripts. Judgment Entry states four (4) years on specifications on Counts (1) and (2), with three (3) years in Department of Corrections. Sentencing Transcripts state three (3) years on specifications on Counts (1) and (2), with four (4) years in Department of Corrections.
>
> **GROUND THREE**: "DISCOVERY"
>
> Supporting Facts: Inside my "Discovery" where all the evidence against me is, only have two (2) stores that says I did a Agg. Robbery and that's Count (2) and Count (3). But Count (1) is Not in my Discovery at all. But I'm sentence to it.
>
> **GROUND FOUR**: When I asked my lawyer to show me the evidence the courts have against me. He never showed me nothing.
>
> Supporting Facts: They said that I had a Gun, but when I asked for them to show me or prove I had a gun. Because they said I was on video surveillance. It's like everything that I asked for to help my case. No one could hear me speak.

(Doc. 1 at PageID 25–30).

---

[3] The petition was filed with the Court on January 15, 2019. (*See* Doc. 1). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on January 6, 2019. (*See* Doc. 1 at PageID 35). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on January 6, 2019.

Respondent has filed a motion to dismiss the petition (Doc. 9), to which petitioner has responded. (Doc. 10).

**II. THE PETITION SHOULD BE DENIED.**

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that

5

occurred during his trial court proceedings. Because petitioner was aware of the facts underlying his claims or the claims could have been discovered through the exercise of due diligence by the close of the direct review, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

In this case, petitioner's conviction and sentence became final on November 10, 2008, upon the expiration of the 45-day period for filing an appeal as of right from the court of appeals' September 24, 2008 judgment entry dismissing his appeal.[4] *See* Ohio Sup. Ct. Prac. R. 7.01(A)(1)(a)(1). *See also Gonzalez v. Thaler,* 565 U.S. 134, 149-52 (2012) (holding that because the petitioner did not appeal to the State's highest court, his conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired"). The statute commenced running on November 11, 2008, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on November 11, 2009, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman*

---

[4] Because the 45-day time period ended on Saturday, November 8, 2008, petitioner had until Monday, November 10, 2008 to file a timely appeal with the Ohio Supreme Court.

*v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett,* 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo,* 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. The statute of limitations had run for 1,898 days before petitioner filed his January 22, 2014 motion to vacate, the first of his post-conviction motions. Because petitioner's post-conviction motions were all filed after the one-year statute of limitations had already expired, statutory tolling would not serve to extend the limitations period. *Vroman,* 346 F.3d at 602. Therefore, petitioner is not entitled to statutory tolling based on the untimely application. *See Allen,* 552 U.S. at 5-6; *see also Pace,* 544 U.S. at 413-14; *Vroman,* 346 F.3d at 603.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland,* 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d

7

745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner is not entitled to equitable tolling in this case. Petitioner states that "I don't know the law and that's why it's so hard for me to do the things that I need to do," in explaining the timeliness of the petition. (Doc. 1 at PageID 34). He also claims that he had trouble obtaining legal advice and materials in his petition and response to the motion to dismiss. (*Id.* at PageID 34; Doc. 10 at PageID 153). However, it is well-settled in the Sixth Circuit that petitioner's pro se status, lack of legal knowledge, or lack of access to legal materials are not sufficient to warrant equitable tolling. *See, e.g., Hall*, 662 F.3d at 750-51 (rejecting the petitioner's argument that he was entitled to equitable tolling because of his lack of access to the trial transcript, as well as his *pro se* status and limited law-library access); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)) ("this

8

court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'"); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"); *Lacking v. Jenkins*, No. 2:15cv3069, 2016 WL 4505765, at *4 (S.D. Ohio Aug. 29, 2016) (Report & Recommendation) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted*, 2016 WL 6125683 (S.D. Ohio Oct. 19, 2016), *appeal filed*, No. 16-4291 (6th Cir. Nov. 10, 2016); *Boyd v. Tibbals*, No. 2:13cv611, 2014 WL 1400978, at *3 (S.D. Ohio Apr. 10, 2014) (Report & Recommendation) (and numerous cases cited therein) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials together or alone do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted*, 2014 WL 2931475 (S.D. Ohio June 30, 2014).

The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited more than ten years—from November 10, 2008 until January 6, 2019—to file his habeas petition after his conviction and sentence became final. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman*, 346 F.3d at 605 (finding that the petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of

diligence"). Petitioner is therefore not entitled to equitable tolling.[5]

Finally, petitioner has neither argued nor otherwise demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), petitioner's conviction and sentence became final on November 10, 2008. The limitations period ran for 365 days and expired on November 11, 2009. Statutory or equitable tolling principles do not apply to extend the limitations period or otherwise avoid the statute-of-limitations bar to review in this case. Therefore, petitioner's habeas corpus petition, filed on January 6, 2019, is time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The motion to dismiss (Doc. 9) be **GRANTED** and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d)**.**

2. A certificate of appealability should not issue with respect to any of the claims for

---

[5] Petitioner states that he did not receive the paperwork he needed for his case until 2014. (Doc. 10 at PageID 153). However, even if the Court could conclude that petitioner was entitled to equitable tolling until 2014, petitioner has not explained his delay in failing to file his habeas petition until January 6, 2019, several years later.

10

relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[6]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 1/13/20

Karen L. Litkovitz
United States Magistrate Judge

---

[6] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

11

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

WILLIE BELL,
    Petitioner,

vs.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:19-cv-37

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).